Harold E. SUTTON v. STATE of Arkansas

CA CR 80-75                          613 S.W. 2d 399

Court of Appeals of Arkansas
Opinion delivered March 18, 1981
[Rehearing denied April 22, 1981.]

*E. Alvin Schay*, State Appellate Defender, by: *Matthew Wood Fleming*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant Harold E. Sutton was tried before a jury on May 7, 1980, on three charges: aggravated robbery in violation of Ark. Stat. Ann. § 41-2102 (Supp. 1979); criminal attempt to commit capital murder in violation of Ark. Stat. Ann. § 41-701 (Repl. 1977); and theft of property in violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977). The charges arose in connection with the theft of a truck belonging to Steven Benson and shots being fired at Benson during the incident. Appellant was convicted of the aggravated robbery and theft of property charges.

Appellant raises two points on appeal.

I.

Appellant first argues that enhancement of appellant's sentence under Ark. Stat. Ann. § 41-2102 (3)(a)(Supp. 1979) was violative of the double jeopardy clause of the Fifth Amendment.

Appellant was charged with and convicted of a violation of Ark. Stat. Ann. § 41-2102 (Supp. 1979), aggravated robbery, defined as follows:

Robbery. — (1) A person commits aggravated robbery if he commits robbery as defined in Section 2103 of Act 280 of 1975 [Arkansas Statutes Annotated 41-2103) and he:

(a) is armed with a deadly weapon, or represents by word or conduct that he is so armed; or

(b) inflicts or attempts to inflict death or serious physical injury upon another person.

(2) Except as provided in subsection (3) below, aggravated robbery is a class A felony.

The underlying offense is defined at Ark. Stat. Ann. § 41-2103 (Repl. 1977):

Robbery. — (1) A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another.

(2) Robbery is a class B felony.

A 1979 amendment added the following sections to § 41-2102:

(3)(a) Upon pleading guilty or being found guilty the first time of aggravated robbery with a deadly weapon, such person shall be imprisoned for no less than six (6) years;

. . . .

(4) The sentences provided for in subsection (3) of this Section are mandatory and shall not be subject to supension. [Acts 1975, No. 280, §2102, p. 500; 1979, No. 1118, § 1, p. ___]

Appellant overlooks the fact that one may be convicted of aggravated robbery even though he is not armed with a

deadly weapon. As previously stated, Ark. Stat. Ann. § 41-2102 (1) (b) provides:

(1) A person commits aggravated robbery if he commits robbery as defined by Section 2103 of Act 280 of 1975. (Arkansas Statutes Annotated 41-2103) and he:

. . . .

(b) inflicts or attempts to inflict death or serious physical injury upon another person.

Under Ark. Stat. Ann. § 41-2102, the jury will consider a punishment of not less than five nor more than fifty years, or life imprisonment and/or a fine up to $15,000 unless they also find specifically that a defendant is armed with a deadly weapon at which point they may consider a minimum of six years instead of five. This amounts to punishing the defendant once for aggravated robbery, which can be committed without using a deadly weapon (see Ark. Stat. Ann. § 41-2102 (1) (b), and only increasing the minimum possible by one year if the trier of fact finds the defendant was armed with a deadly weapon.

The appellant relies upon *Busic v. United States*, 446 U.S. 398 100 S. Ct. 1747 (1980); in which the court examined 18 U.S.C. § 924(c) which authorized the imposition of enhanced penalties for a defendant who uses or carries a firearm while committing a federal felony. The Court found that § 924(c) could not be applied to a defendant charged with violating a statute that already authorized enhanced punishment for the use of a dangerous weapon. *Busic, supra,* merely prevented another enhancement provision where the predicate felony statute — aggravated robbery — contains its own enhancement provision. Here, the predicate felony obviously does not have an enhancement provision. We find no error here.

## II.

Appellant's second argument is that the trial court abused its discretion and, in effect, penalized the appellant

for exercising his Sixth Amendment right to a jury trial by arbitrarily ruling that the sentences fixed by the jury in this case must be served consecutively rather than concurrently.

How two or more sentences should run lies solely within the province of the trial court. *Acklin* v. *State*, 270 Ark. 879, 606 S.W. 2d 594 (1980); *Graham* v. *State*, 254 Ark. 741, 495 S.W. 2d 864 (1973). There is nothing in the record to reflect that the trial judge abused his discretion.

Finally, neither of the two points raised by the appellant were objected to or raised in the trial below. We call attention to *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980) wherein the court said:

> Some courts, especially the federal courts, have a "plain error" rule, under which plain errors affecting substantial rights may be noticed although they were not brought to the attention of the trial court. Federal Rules of Criminal Procedure, Rule 52(b); *State* v. *Meiers*, 412 S.W. 2d 478 (Mo., 1967). In Arkansas, however, we do not have such a rule. *Smith* v. *State*, 268 Ark. 282, 595 S.W. 2d 671 (1980). To the contrary, in hundreds of cases we have reiterated our fundamental rule that an argument for reversal will not be considered in the absence of an appropriate objection in the trial court. Citations to that familiar principle are unnecessary.

Affirmed.