James Brent GULLETT *v.* STATE of Arkansas

CA CR 86-8                                    711 S.W.2d 836

Court of Appeals of Arkansas
Division I
Opinion delivered June 11, 1986

98

*Hurst Law Offices*, by: *Q. Byrum Hurst, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Judge. This case involves an appeal from the Garland County Circuit Court. Appellant, James Brent Gullett, appeals his conviction for violation of the Omnibus DWI Act, Ark. Stat. Ann. §§ 75-1031.1, 75-1045, 75-2501 *et seq.* (Supp. 1985). We affirm.

Appellant was arrested on June 30, 1984, and charged with driving while under the influence of alcohol. He was convicted in municipal court. Appellant appealed that conviction to the Circuit Court of Garland County. The case was tried before the circuit judge without a jury. On July 22, 1985, the Garland County Circuit Court found appellant guilty of driving while under the influence of alcohol. It is from this decision appellant appeals.

Appellant raises the following two points for reversal: (1) The trial court erred in not granting appellant's motion for acquittal for the reason that there was insufficient evidence to sustain a conviction; and (2) the trial court erred in not granting appellant's motion to dismiss which alleged that the ticket was not in compliance with Rule 5.3 of the Arkansas Rules of Criminal Procedure.

Appellee, the State of Arkansas, called one witness in its prosecution of the charges against appellant. The arresting officer, Willie F. Pegues, III, testified that on June 30, 1984, he observed a car pull out of a parking lot at a high rate of speed. The officer was "flagged down" by the owner of Goodtime Charlie's who informed him that there had been a disturbance involving the

occupants of the car. Officer Pegues testified that he pursued the car with his blue lights and siren on. He stated that he pulled up behind the car at one point, but, as he was getting out of his automobile, the car pulled off at a high rate of speed. The officer said that he chased the car with the blue lights flashing and his siren on, finally forcing it into a parking lot. Then, Officer Pegues testified, appellant jumped out of the driver's side of the car. Officer Pegues specifically stated, "He was the operator of the vehicle." The automobile was a 1973 two-door Cutlass. Evidence adduced at trial showed that appellant weighs 300 pounds, is 6 feet tall and has a shoulder width of 54" or 56". Testimony indicated that a scuffle ensued and the police officer struck appellant with a night stick.

Officer Pegues stated that he observed a strong odor of alcohol on appellant's breath and that appellant was wobbling. He testified that appellant was driving recklessly, endangering the welfare of the other occupants in the car as well as people on the street.

Officer Pegues testified that he was present at the police station when appellant was given a breathalyzer test. He stated that the results of that test were .16% alcohol by weight in the blood. Results of .10% and higher are considered to be intoxication under the law. Ark. Stat. Ann. § 75-2503(b) (Supp. 1985).

Appellant argues as his first point for reversal that the evidence presented by the prosecution did not rise above speculation and conjecture. Specifically, appellant alleges that the state did not prove that appellant was the driver of the car because the arresting officer testified only that appellant "jumped out of the driver's side." Appellant asserts that the officer merely assumed that appellant was the driver. At the trial, appellant's counsel called Terry Ward, one of the occupants of the car, to the witness stand and he testified that appellant was in the back seat on the left-hand side. Appellant himself testified that he was not the driver and that he was sitting in the back seat. Appellant argues that, given this contradictory testimony, it was conjecture and speculation for the trial court to make the determination that appellant was the driver of the car.

■■ On appeal in criminal cases, whether tried by judge or jury, we will affirm if there is substantial evidence to support

the finding of the trier of fact. *Holloway* v. *State*, 11 Ark. App. 69, 666 S.W.2d 410 (1984). Conflicts in testimony are to be resolved by the trier of fact and this court will not reverse that finding where there is substantial evidence to support it. *Christian* v. *State*, 6 Ark. App. 138, 639 S.W.2d 78 (1982). We find that there was substantial evidence to support the trial judge's finding that appellant was the driver of the car. Specifically, we find that the evidence of appellant's weight and size supports the conclusion that he couldn't "jump" out of the back seat of a two-door Cutlass.

Appellant also asserts that sufficient evidence was not presented at trial establishing that appellant was intoxicated. Appellant argues that the testimony of the arresting officer that the results of the breathalyzer test were .16% was inadmissible and should not be considered on appeal.

In *Mitchell* v. *City of North Little Rock*, 15 Ark. App. 331, 692 S.W.2d 624 (1985), this court held that we are required to review the sufficiency of the evidence *prior* to considering any alleged trial errors and, in reviewing the evidence, we must consider all the evidence, including that which was inadmissible. In the case at bar, evidence was presented showing that appellant was wobbling on his feet, he smelled of alcohol, he was driving recklessly and that the breathalyzer test showed intoxication. Appellant discusses the admissibility of the testimony concerning the breathalyzer results only as a collateral matter to his argument that there was insufficient evidence to convict him. Officer Pegues testified that the results of the breathalyzer test were .16% and appellant's counsel did not object at that time to the testimony. We do not consider arguments on appeal which were not made below. *Sutton* v. *State*, 1 Ark. App. 58, 613 S.W.2d 399 (1981). Therefore, without addressing the issue of the admissibility of the breathalyzer test results, we find that there was sufficient evidence to support the trial court's finding.

As his second point for reversal, appellant argues that the trial court erred in not granting appellant's motion to dismiss. The motion alleged that the ticket issued was not in compliance with A.R.Cr.P. Rule 5.3. Rule 5.3 states as follows:

RULE 5.3 Form of Citation
(a) Every citation shall:
(i) be in writing;
(ii) be signed by the officer issuing it with the title of his office;
(iii) state the date of issuance and the municipality or county where issued;
(iv) specify the name of the accused and the offense alleged;
(v) designate a time, place, and court for the appearance of the accused; and
(vi) provide a space for the signature of the accused acknowledging his promise to appear.
(b) Every citation shall inform the accused that failure to appear at the stated time, place, and court may result in his arrest and shall constitute a separate offense for which he may be prosecuted.

Appellant argues that the citation is defective because the officer failed to fill in the line which says "Name and Title," thereby failing to satisfy requirement 5.3(a)(ii). Appellant states in his brief that the officer's title is not indicated on the ticket and asserts that the officer's badge number, which was written on the ticket, does not satisfy the requirement of 5.3(a)(ii).

Appellant does not suggest how he was prejudiced by the failure of the officer to write the title of his office on the ticket. The document appellant received clearly apprised him of the charges against him and the time during which he could appear before the traffic bureau to have his court date set. A uniform traffic ticket and complaint is a simplified procedure issued after an arrest that informs a motorist of the nature and elements of the offense with which he is charged and affords him an opportunity to be heard on the charge. *Thompson* v. *City of Little Rock*, 264 Ark. 213, 570 S.W.2d 262 (1978). We find that the ticket issued appellant in this case, though it did not state the officer's title, was not so defective as to prejudice the defendant in this action.

Appellant also argues that the citation failed to designate a time, place, and court for the appearance of the accused as required by 5.3(a)(v). The citation states that appellant is to appear at the "Traffic Bureau at the Police Department anytime

before 7/13/84." On the back of the ticket it states, "If you are charged with any of the following offenses it will be necessary to appear in court for final disposition of the charge:. . . Operating a motor vehicle under the influence of intoxicating liquor . . ." It then says the following: "Procedure: You must appear first at the Traffic Bureau. Open 24 hours daily."

■ Appellant asserts that the above does not satisfy the requirement of 5.3(a)(v) because the traffic bureau is not a court. A.R.Cr.P. Rule 5.1(a) defines "citation" as follows:

"Citation" means a written order, issued by a law enforcement officer who is authorized to make an arrest, requiring a person accused of violating the law to appear in a designated court *or governmental office* at a specified date and time. (emphasis supplied)

The traffic bureau is a governmental office and therefore satisfies the definition of citation in Rule 5.1. This definition is not to be disregarded when reading Rule 5.3. Therefore, we find no merit in appellant's argument on this point.

■ Finally, appellant argues that the ticket is defective in that it doesn't set a specific date and time for trial. We do not agree with this argument. Appellant was informed by the ticket of the specific time during which he could appear at the traffic bureau to have his court date set. Appellant does not assert that he was prejudiced by the ticket's failure to state a particular day and hour for his trial. Indeed, appellant went to the traffic bureau, appeared at a trial in municipal court in which he was convicted, appealed his conviction to circuit court where he participated in another trial and was again convicted, and now appeals his case to this court. We find, therefore, that appellant's right of due process was not denied by this ticket.

For the reasons stated above we affirm the decision of the trial court.

Affirmed.

GLAZE, J., and WRIGHT, Special Judge, agree.