David BIGHAM *v.* STATE of Arkansas

CA CR 87-138                                      743 S.W.2d 405

Court of Appeals of Arkansas
Division I
Opinion delivered January 27, 1988

*Jeff Duty*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. David Bigham appeals from his conviction of driving while intoxicated, second offense. On appeal, he concedes that the evidence was sufficient to sustain a conviction of the charge and argues only that the trial court erred in denying his motion to quash the charge as having been improperly filed. We find no error and affirm.

The appellant was stopped by a police officer and issued a citation charging him with driving while intoxicated, second offense. The citation specified the time and place at which the offense occurred, and directed him to appear before the municipal court on a specific date to answer the charge. The citation was delivered to the clerk of the court who inadvertently entered on the docket that the charge was DWI, first offense. The city attorney then filed an information in his capacity as city attorney charging the appellant with controlling a vehicle while under the influence of intoxicating liquor after having been previously convicted of driving while intoxicated on March 8, 1984. On the day of trial, the appellant moved to quash the information.

Relying on *State v. Eason*, 200 Ark. 1112, 143 S.W.2d 22 (1940), the appellant argues that the information filed by the city attorney in his own name and not in the name of the prosecuting attorney was void as the city attorney had no authority to issue the information except in the name of the prosecuting attorney. The State argues that the rule announced in *Eason* was abrogated by the enactment of Ark. Stat. Ann. § 24-122.1 (Supp. 1985), which allows the prosecuting attorney to authorize the city attorney to file in the name of the State in the municipal courts, and by Ark. R. Crim. P. 1.6(b) and (d), which redefine "prosecuting attorney" to include a city attorney. The appellant argues that these sections are constitutionally infirm as improper delegations of the authority of a constitutional officer.

Because of the view we take of the matter, it is unnecessary for us to address those issues. Arkansas Statutes Annotated § 75-2508 (Supp. 1985) authorizes an arresting officer to charge a person with misdemeanor DWI by issuing a citation

and filing it with the clerk. *Brewer* v. *State*, 286 Ark. 1, 688 S.W.2d 736 (1985). It is not unconstitutional for this act to authorize a police officer, rather than the prosecuting attorney or grand jury, to file the misdemeanor charge. *Girder* v. *State*, 285 Ark. 70, 684 S.W.2d 808 (1985); *Southern* v. *State*, 284 Ark. 572, 683 S.W.2d 933 (1985); *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984). Appellant does not question the validity of the citation issued by the police officer. The citation clearly charged the appellant with the offense for which he was tried, DWI, second offense, and stated the time and place at which the offense occurred. There is no allegation that the citation was insufficient to fully apprise the appellant of the nature of the charge against him or that he was unable due to the manner in which he was charged to properly prepare his defense.

Furthermore, even if the information filed by the city attorney was in fact void, the charging instrument issued by the officer remained in force. As the citation issued by the officer was sufficient to charge the appellant with the violation, a subsequent attempt by the city attorney to duplicate that charge could not destroy the citation's effectiveness.

Affirmed.

COULSON and MAYFIELD, JJ., agree.