Frank Elmo SPARKS II *v.* STATE of Arkansas

CA CR 87-230                                    756 S.W.2d 911

Court of Appeals of Arkansas
Division II
[Substituted Opinion on Denial of Rehearing
August 24, 1988.]

*Hartenstein, Lassiter & Oberlag*, by: *Jack T. Lassiter*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y

Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Pulaski County Circuit Court, First Division. Appellant, Frank Elmo Sparks II, appeals his conviction of operating a motorboat while intoxicated. We affirm.

A felony information was filed August 6, 1986, charging appellant with manslaughter, a violation of Arkansas Code Annotated § 5-10-104 (1987) (formerly Ark. Stat. Ann. § 41-1504 (Repl. 1977)) and driving a boat while intoxicated, a violation of Arkansas Code Annotated § 27-101—202(7) (1987) (formerly Ark. Stat. Ann. § 21-229(b) (Repl. 1968)). These charges resulted from a jet boat accident which occurred on the Little Maumelle River on May 9, 1986, in which the passenger in the boat driven by appellant died from injuries sustained when the boat hit a tree. A jury trial was held May 4, 1987, wherein appellant was found not guilty of manslaughter and guilty as charged for driving a boat while intoxicated for which he was sentenced to ten (10) days in jail and a $500.00 fine.

As his only point for reversal, appellant asserts that the trial court erred in denying his motions for a directed verdict in that there was not sufficient evidence to support a conviction for driving a boat while intoxicated. We disagree.

Arkansas Code Annotated § 27-101—202(7) requires that:

> No person shall operate any motorboat or vessel or manipulate any water skis, aquaplane, or similar device while intoxicated or under the influence of any narcotic drug, barbiturate, or marijuana or while under any physical or mental disability so as to be incapable of operating the motorboat or vessel safely under the prevailing circumstances.

In this case, the jury was instructed on the definition of "intoxication" as defined in Arkansas Code Annotated § 5-65-102 (1987) (formerly Ark. Stat. Ann. § 75-2502(a) (Supp. 1985)) as:

> (1) "Intoxicated" means influenced or affected by the ingestion of alcohol, a controlled substance, any intoxicant, or any combination thereof, to such a degree that the

driver's reactions, motor skills, and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger of physical injury or death to himself and other motorists or pedestrians;

Appellant asserts that there was insufficient evidence presented at trial to establish that he was intoxicated. The test for determining sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Mann* v. *State*, 291 Ark. 4, 722 S.W.2d 266 (1987). On appeal in a criminal case, whether tried by a judge or jury, we will affirm if there is substantial evidence to support the finding of the trier of fact. *Gullett* v. *State*, 18 Ark. App. 97, 711 S.W.2d 836 (1986). Substantial evidence is that evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or another; it must force the mind to pass beyond suspicion or conjecture. *Jimenez* v. *State*, 12 Ark. App. 315, 675 S.W.2d 853 (1984). The appellate court need only consider testimony lending support to the jury verdict and may disregard any testimony that could have been rejected by the jury on the basis of credibility. *Hill* v. *State*, 285 Ark. 77, 685 S.W.2d 495 (1985).

At trial, appellant successfully objected to an instruction regarding the presumptions a jury may or may not make based upon the blood alcohol content in a person's blood, urine, breath, or other bodily substance as set out in Arkansas Code Annotated § 5-65-206 (1987) (formerly Ark. Stat. Ann. § 75-1031.1 (Supp. 1985)). Appellant alleges that the presumptions do not apply since this is not a motor vehicle case. On appeal, appellant argues that, without these presumptions, the State should have produced an expert witness to explain the legal significance of appellant's blood alcohol level to the jury. Appellant asserts that the blood alcohol content is meaningless without such testimony. We disagree. Expert testimony explaining the meaning of blood alcohol content is not required to prove intoxication. In fact, one may be convicted of driving while intoxicated without the use of a blood alcohol test. *See, e.g., Whaley* v. *State*, 11 Ark. App. 248, 669 S.W.2d 502 (1984).

Here, not only did the jury have the benefit of knowing that appellant's blood alcohol content was 0.16% two and one-half

hours after the accident, it was also presented with ample other evidence from which it could have concluded that appellant was guilty of driving his boat while intoxicated.

Although there was conflicting evidence in the case at bar, reviewing the evidence in the light most favorable to the State, we find substantial evidence to support the jury verdict. Appellant testified that he had a beer and a Chivas and water during lunch on the day of the accident. He testified that he sipped from the decedent's glass of wine while going to check on his boat. Also, appellant admitted that he stopped at a liquor store on the way to the river and purchased two magnums of champagne for himself and the deceased. Further, appellant testified that he was drinking in the boat prior to the collision. There was evidence presented that after the collision, a Chivas bottle and cork which could have come from a champagne bottle were found in the boat, and an ice chest and other debris were floating in the water nearby. Evidence was presented that the area where the accident occurred is a narrow strip of the river containing many stumps and trees. The State presented an abundance of testimony from people who witnessed appellant's behavior on the river prior to the accident.

Jack Harris, owner of the River Valley Marina, testified that appellant came through the "no wake" area at the Marina traveling approximately forty (40) miles per hour. Mr. Harris stated that appellant's boat was in a plane and caused a substantial wake.

George Reeves was on his boat at the Little Maumelle River Marina when he heard a high speed boat approaching. His testimony reveals that appellant was driving the boat in an erratic manner by accelerating and then backing off the accelerator. Mr. Reeves further testified that appellant was driving at a high rate of speed in a wooded area causing a wake which created enough force to push his boat into the pilings at the marina.

William Durham was on his party barge on May 9, 1986. He testified that appellant came around a curve toward him at a "terrific" rate of speed and veered the jet boat toward some cattle standing in the river causing them to flee to the shore. Mr. Durham testified that he yelled at appellant to slow down.

Willie Douglas was fishing on the Little Maumelle and heard a boat approaching. Mr. Douglas testified that appellant drove his boat toward him at "quite a bit of speed" but suddenly turned the boat in another direction. Moments later Mr. Douglas heard a "thud" when appellant's boat struck the tree, and he then responded to appellant's cry for help.

The paramedic who accompanied appellant to the hospital testified that appellant admitted he was drinking while driving the boat and struck the tree while driving approximately forty-five to sixty miles per hour.

In the case at bar, the evidence indicates that the jury could have utilized their common knowledge and experience to conclude that appellant's reactions, motor skills and judgment were substantially altered so as to cause a clear and substantial danger of physical injury or death to himself and others. Ark. Code Ann. § 5-65-102.

We find substantial evidence in the record to support appellant's conviction; therefore, we affirm.

Affirmed.

CRACRAFT and COULSON, JJ., agree.