## Tina Louise LEROY *v.* CITY OF SPRINGDALE

CA CR 93-1281                                                 883 S.W.2d 847

### Court of Appeals of Arkansas
### Division II
### Opinion delivered September 28, 1994

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant, Tina Louise Leroy, was found guilty of DWI before the Washington County Circuit Court. She was sentenced to thirty days in jail with twenty-five days suspended, fined $500 plus court costs, and her driver's license was suspended for one hundred and twenty days. Appellant contends on appeal that the trial court erred in not dismissing the charge because the State failed to properly charge her with DWI. We find no error and affirm.

Officer Mike Shriver with the Springdale Police Department testified that he arrested appellant on December 1, 1992. Appellant smelled of intoxicants, failed all the field sobriety tests, signed an implied consent form and registered .19% on a breathalyzer test. Officer Shriver testified that he was in the process of filling out appellant's paperwork when someone arrived to give the appellant a ride from the police station. He testified that appellant was notified of the DWI charge, but in his haste to

release her he accidentally handed her a citation which was only partially filled out.

Appellant argues on appeal that she was not properly charged with DWI by the partially filled out citation. Appellant contends that, to be properly charged, Ark. R. Crim. P. Rule 5.4(a) requires that she be given a copy of the "charging instrument," the citation, and that the document given her was insufficient to constitute a citation as defined by Ark. R. Crim. P. Rule 5.3. Appellant does not contend, however, that she was not given notice of the charge against her, and stipulated before the trial court that she had actual notice of the DWI charge.

Arkansas Rules of Criminal Procedure Rule 5.3 lists the requirements for a citation as follows:

(a) Every citation shall:

(i) be in writing;

(ii) be signed by the officer issuing it with the title of his office;

(iii) state the date of issuance and the municipality or county where issued;

(iv) specify the name of the accused and the offense alleged;

(v) designate a time, place, and court for the appearance of the accused; and

(vi) provide a space for the signature of the accused acknowledging his promise to appear.

(b) Every citation shall inform the accused that failure to appear at the stated time, place, and court may result in his arrest and shall constitute a separate offense for which he may be prosecuted.

Appellant stipulated at trial that she was given, along with the partially filled out citation, a copy of the arrest report which stated that she was charged with DWI and which was signed by appellant. Appellant further stipulated that the driver's license receipt and temporary driving permit which she was given upon release from custody informed her of the arraignment date in

Springdale Municipal Court and stated that she was issued the permit pursuant to the Omnibus DWI Act of 1983. The permit also lists the offense as DWI.

■ While the appellant is correct in that the copy she received was not complete, a completed copy was filed with the municipal court. While the copy filed with the municipal court did not state the time, place and court for appellant's appearance it contained all of the other information required under Ark. R. Crim. P. Rule 5.3. Appellant does not contend that this copy of the citation was not in substantial compliance. We find that appellant suffered no prejudice as a result of her copy of the citation being incomplete. *See Gullett* v. *State*, 18 Ark. App. 97, 711 S.W.2d 836 (1986). The time for her court appearance was specified in her arrest report and temporary driving permit and the court was designated in the temporary driving permit. Appellant received both of these documents before her release on the night of her arrest. Appellant testified that she understood the driver's license receipt and temporary driving permit ordered her to appear in the Springdale Municipal Court on December 15, 1992. Appellant's attorney appeared and entered a plea on her behalf on December 15, 1992.

In summary, appellant had actual notice of the DWI charge against her, on the night of her arrest she was given copies of documents indicating the charge and the court and date on which she was to appear, a completed citation was filed in the municipal court, and appellant's counsel appeared and entered a plea in her behalf. We find that the trial court properly denied appellant's motion to dismiss.[1]

Affirmed.

COOPER and ROGERS, JJ., agree.

---

[1]Appellant's reply brief contains an argument that she may have no protection against double jeopardy because it would be impossible for her to produce a charging document which lists the specific charge against her. We believe that the court's copy of the completed citation would afford her a source of protection from such jeopardy.