The Honorable Stephen D. Bright State Representative 47 Oak Forest Loop Maumelle, AR 72113-6816
Dear Representative Bright:
This is in response to your request for my opinion on several questions you have raised in the wake of my recent response to the questions addressed in the attached Ark. Op. Att'y Gen. No. 2001-272. Specifically, you have asked the following:
 1. While you have opined that the city attorney has an obligation to prosecute "city misdemeanor cases," can you offer more guidance on "city felony cases" and "county cases," whether felony or misdemeanor charges, which may have occurred outside the city limits? For instance, if an Arkansas State Trooper writes a ticket on Interstate 430 and sends that case to the Maumelle District Court, who prosecutes that case?
 2. Ultimately, does the County Prosecutor determine where county or state law enforcement agents send their cases?
RESPONSE
With respect to your first question, in my opinion a city attorney is wholly without authority to prosecute felony actions, which will be prosecuted by the prosecuting attorney in circuit court, not district court. I further believe only the prosecutor or one of his deputies, not the city attorney, is authorized to prosecute actions for misdemeanors occurring outside city limits. With respect to your second question, I suspect the prosecutor has ultimate authority to dictate where cases are sent, including the authority to direct that law enforcement officers file their citations in particular courts within the prosecutor's district, although it is not entirely clear what remedy would lie if an officer were to ignore a prosecutor's instructions on this issue. The law would benefit by clarification. Although I obviously cannot opine on this factual question, it is my understanding that law enforcement officers in practice frequently make the choice of forum in the field, subject to the prosecutor's right to seek court permission to file a nolle prosequi and to proceed with the prosecution in another available forum.
Question 1: While you have opined that the city attorney has anobligation to prosecute "city misdemeanor cases," can you offer moreguidance on "city felony cases" and "county cases," whether felony ormisdemeanor charges, which may have occurred outside the city limits? Forinstance, if an Arkansas State Trooper writes a ticket on Interstate 430and sends that case to the Maumelle District Court, who prosecutes thatcase?
As you indicate in your question, I recently opined in Ark. Op. Att'y Gen. No. 2001-272 that the city attorney is charged in the first instance with prosecuting misdemeanor offenses committed within city limits. I pointed out that this conclusion follows from several statutes. First, A.C.A. § 16-21-150 provides:
 No prosecuting attorney shall prosecute city misdemeanor cases or appeals to circuit or appellate courts unless the prosecuting attorney consents to do so.
Secondly, A.C.A. § 16-21-115 authorizes the prosecuting attorney to designate the city attorney to prosecute "violations of state misdemeanor laws, which violations occurred within the limits of the municipality."See Ark. Op. Att'y Gen. No. 93-010 (A prosecutor "is obligated to prosecute all criminal actions in which the state or any county in this district may be concerned. A.C.A. 16-21-103 (1987). The prosecutor may delegate this authority, however, as to misdemeanors committed within themunicipality, to the city attorney . . ." (emphasis added).
Under no circumstances would a city attorney ever be in the position of prosecuting a felony, since felony cases are prosecuted in circuit court by the prosecuting attorney.[1] As my predecessor noted in Ark. Op. Att'y Gen. No. 95-243, and as I echoed in Ark. Op. Att'y Gen. No.2000-291: "[C]ity attorneys are now responsible for prosecuting city misdemeanor cases, whether in municipal or other corporation courts, or in juvenile courts." See also Ark. Op. Att'y Gen. No. Opinion No. 91-048
("[T]he city attorney can prosecute `hot check' violations if the prosecuting attorney has designated him under A.C.A. § 16-21-115 and if the `hot check' violations prosecuted by him are misdemeanors."). City attorneys are currently authorized by statute to prosecute in circuit court only appeals of city misdemeanor cases, A.C.A. § 16-21-150, not felonies at the trial court level. See Ark. Op. Att'y Gen. No. 2000-291
(noting that prior to the 1993 enactment of A.C.A. § 16-21-150, city attorneys had no authority to prosecute in circuit court); accord Ark. Op. Att'y Gen. No. 92-211, issued before the enactment of A.C.A. §16-21-150 ("[T]here is currently no statutory authority for city attorneys to prosecute in circuit court.").
In my opinion, a city attorney is likewise precluded from prosecuting misdemeanors committed outside city limits. Section 16-21-115 of the Code is perfectly unambiguous in declaring that while the prosecutor may delegate to the city attorney the task of prosecuting misdemeanor cases, the alleged misdemeanor must have occurred within the city limits. It follows that the prosecutor remains obligated pursuant to A.C.A. §16-21-103 to prosecute those misdemeanors that occurred outside the limits of the city in which the municipal court hearing the case is located. With respect to your specific example, if an Arkansas State Trooper were to send an out-of-city traffic infraction case to Maumelle District Court, I believe the Pulaski County Prosecutor, whether personally or through one of his deputies, would be obligated to prosecute the case.
In light of the foregoing, I feel obliged to elaborate on one aspect of my previous opinion. Specifically, in Opinion No. 2001-272, I offered the following observations regarding the interplay of A.C.A. §§ 16-21-150 and16-21-113(d) in determining who should prosecute city misdemeanor actions:
 The latter statute provides, inter alia, that a deputy prosecuting attorney, assuming one has been appointed, is obliged upon the request of the presiding judge to prosecute a criminal action pending in the county for which the deputy has been appointed. I agree with my predecessor that the enactment in 1993 of A.C.A. § 16-21-150 was clearly intended to charge the city attorney with the responsibility of prosecuting city misdemeanors as defined above unless the prosecuting attorney consented to do so instead. Accordingly, I believe the provision in A.C.A. § 16-21-113(d) imposing this duty on the deputy prosecutor upon the presiding judge's request has been repealed by implication, as has been the passage in A.C.A. § 16-21-115 providing that a city attorney might decline to undertake a city prosecution.
Given your latest question, I will qualify my earlier conclusion to the extent of opining that if the pending action qualifies as what you have designated a "county" misdemeanor prosecution — i.e., a prosecution for a misdemeanor occurring outside the limits of the city in which the municipal court initially having jurisdiction of the case is located — the presiding municipal judge would appear to remain authorized to require the deputy prosecutor to prosecute the action pursuant to A.C.A. § 16-21-113(d).
Moreover, anticipating your second question, under the circumstances of the example you have recited — i.e., when an action is already pending in a particular district court because the law enforcement officer has filed the ticket there — I believe the deputy prosecutor might well be bound to proceed with the prosecution in that forum unless the court in its considerable discretion grants a prosecution motion to nolle prosequi the case. Section 16-85-713 of the Code provides that a prosecuting attorney may not enter a nolle prosequi "or in any other way discontinue or abandon the indictment without the leave of the court. . . ." As the Supreme Court recently noted in Ferguson v. State, 343 Ark. 159, 169-70,33 S.W.3d 115 (2000), Ark. R. Crim. P. 28.3(f) was amended in 1983 to provide that the time between the granting of a motion for nolle prosequi
and the refiling of charges would be excludable in determining whether a defendant had obtained a speedy trial only "for good cause shown." AccordCaulkins v. Crabtree, 319 Ark. 686, 692-93, 894 S.W.2d 138 (1995) (further discussing the history of the amendment); see also Ark. R. Crim. P. 28.1 (setting forth the speedy trial requirement). Considered in conjunction with A.C.A. § 16-85-713, which requires leave of the court for any abandonment of a pending prosecution, Rule 28.3(f) may well mean that the prosecution lacks the authority to dismiss a prosecution as of right. Cf. Ark. R. Civ. P. 41(a)(1) and (2) (allowing a civil plaintiff one opportunity to dismiss his action without prejudice as of right). If so, the prosecution may be precluded from simply dismissing a prosecution in one forum for the purpose of proceeding in another, at least unless the court deems this motivation" good cause shown." Surprisingly, there does not appear to be any direct authority on this issue.
The foregoing is not to deny that the choice of an available forum is a matter that lies in the first instance in a prosecutor's discretion. As one of my predecessors noted in Ark. Op. Att'y Gen. No. 88-171: "[P]rosecutorial matters are generally within the discretion of the prosecuting attorney. See, e.g., Rothrock v. Walker, 197 Ark. 846,125 S.W.2d 459 (1939); Venhaus v. Brown, 286 Ark. 229, 691 S.W.2d 141
(1985)." In Ark. Op. Att'y Gen. No. 98-215, my immediate predecessor concluded that this discretion included the power to choose the available court in which a particular misdemeanor prosecution would proceed:
 It is my opinion that there is no legal prohibition against a prosecutor's utilizing a particular municipal court for the purpose of prosecuting state misdemeanor cases. As you have noted, municipal courts have county-wide jurisdiction. It has been judicially recognized that such courts are "all equally free to hear any case arising from any place in the county." Beshear v. Clark, 292 Ark. 47, 50, 728 S.W.2d 165 (1987) (Hickman, J., concurring). The opinion went on to state: "For example, a citizen of Little Rock can be arrested in North Little Rock and tried in Sherwood." Id.
However, given the court's power to deny a prosecutor's motion to file anolle prosequi, A.C.A. § 16-85-713, this discretion would appear to be compromised in the instance where a law enforcement officer in effect chooses the forum by designating one on the citation, which is a fully sufficient charging instrument in every respect. See Ark. R. Crim. P. 5.1 and 5.3 (requiring the officer to state the charges and the location of trial on the ticket); Leroy v. City of Springdale, 47 Ark. App. 18,883 S.W.2d 847 (1994) (defendant properly charged in municipal court even upon filing of incomplete citation); Bigham v. State, 23 Ark. App. 108,743 S.W.2d 405 (1988) (citation sufficient charging instrument even if city attorney subsequently attempted improperly to duplicate the charge by information). Upon the filing of the citation, it appears the prosecutor's initially unfettered discretion to choose a forum becomes subject to the court's discretion to keep the case. As the court noted inWebb v. Harrison, 261 Ark. 279, 281, 547 S.W.2d 748 (1977):
 The prosecutor has the discretion to file charges and the discretion to ask the court to dismiss charges. The trial court has the discretion to grant or deny a motion to dismiss charges.
(Emphasis added.)
It may be that the law enforcement officer in such an instance is best characterized as an agent of the prosecutor for purposes of selecting a forum.[2] If so, it would appear that the prosecutor, as principal, would be authorized, if he so chose, to dictate that the officer select a particular available forum in issuing a citation — a conclusion that, in terms of your question, would mean that the prosecutor has ultimate authority to "determine where county or state law enforcement agents send their cases," with the court retaining ultimate authority to grant or to deny a request that the case be dismissed and refilled in another forum. I must stress, however, both that I have found no authority directly stating this proposition and that I am unaware whether the prosecutor in this instance issued any edict regarding where citations should be filed. Judicial or legislative clarification regarding what principles apply under such circumstances seems warranted.
As noted above, it appears to be the common practice for the issuing law enforcement officer to determine where in the county to file a particular citation. However, assuming an officer filed a citation in a particular district court in violation of a prosecutor's direct instruction that the action be filed in another district court, the question might arise whether the prosecutor could successfully challenge the choice of venue as beyond the officer's express authority as the prosecutor's agent. In such a situation, there would be little question that the court had jurisdiction over the action. By statute, a district court has territorial jurisdiction over any misdemeanor action arising within the county. A.C.A. § 16-17-704(a). As my immediate predecessor noted in Ark. Op. Att'y Gen. No. 98-042:
 The Arkansas Supreme Court has repeatedly upheld the General Assembly's granting of county-wide territorial jurisdiction over misdemeanors to municipal [now district] courts. See State v. Webb, 323 Ark. 80, 913 S.W.2d 259 (1996); Ashworth v. State, 306 Ark. 570, 816 S.W.2d 597
(1991); State ex rel. Moose v. Woodruff, 120 Ark. 406, 179 S.W. 813
(1915). In State v. Webb, supra, the court stated:
 Whether the issue be referred to as one of venue or territorial jurisdiction, nothing in our Constitution or Code dealing directly with the place in which misdemeanor charges must be tried limits it to the city in which the court sits. The territorial jurisdiction of municipal courts extends throughout the counties in which they sit.
However, even conceding that the court would have jurisdiction, one wonders whether the court would nevertheless be obligated to decline to exercise that jurisdiction upon a showing that the choice of forum was made in express derogation of the prosecutor's discretion. To my knowledge, no Arkansas court has ever addressed this precise issue.
The law in other jurisdictions provides little guidance on this matter. Among the more insightful analyses on this question is that offered by the Tennessee Supreme Court in Harris v. State, 33 S.W.3d 767, 770
(Tenn. 2000):
 Under common law, the State was free to nolle prosequi a case at any time after a formal charge had been made by indictment or information. See 4 Wayne R. LaFave et al., Criminal Procedure § 13.3 (1999). However, over time, the need to check this" unbridled discretion" resulted in legislation and rules of court such as Tenn.R.Crim.P. 48(a), which provides that the State "may by leave of court file a dismissal of an indictment . . . and the prosecution shall thereupon terminate." (Emphasis added). Thus, under modern law," when a criminal prosecution has gone beyond the charging stage, that is to say, after indictment is returned, the matter [is considered to have] left the [sole] domain of the prosecutor and . . . entered into the realm of the court." Pace v. State, 566 S.W.2d 861, 868 (Tenn. 1978) (Henry, C.J., concurring).
 The analysis established to consider a motion to nolle prosequi seeks to balance the need to allow prosecutors the freedom to exercise legitimate discretion with the need to prevent abuse of the power to dismiss. While Rule 48(a) grants the trial court some control over the prosecutor's discretionary powers, that control is limited. The federal courts, interpreting virtually identical" leave of the court" language found in Fed.R.Crim.P. 48(a), have stated:
 the phrase "by leave of court". . . was intended to modify and condition the absolute power of the Executive, consistently with the Framer's concept of Separation of Powers, by erecting a check on the abuse of Executive prerogatives. But this is not to say that the Rule was intended to confer on the Judiciary the power and authority to usurp or interfere with the good faith exercise of the Executive power to take care that the laws are faithfully executed. The rule was not promulgated to shift absolute power from the Executive to the Judicial Branch. Rather, it was intended as a power to check power. The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.
 United States v. Cowan, 524 F.2d 504, 513 (5th Cir. 1975) (emphasis added); see also State v. Landers, 723 S.W.2d 950, 953 (Tenn. 1987) (applying the "manifest public interest" test to analysis of Tenn.R.Crim.P. 48(a)).
The United States Supreme Court has acknowledged the constitutionality of the common-law rule affording the prosecutor absolute discretion to dismiss and to reinstate a charge. Bassing v. Cady, 208 U.S. 386 (1908). As acknowledged in the following, various jurisdictions continue to follow this common-law rule, while others, like Arkansas, do not:
 [W]hile many jurisdictions have instituted statutory schemes requiring some consent of or showing to the court before prosecutors can effect a pretrial dismissal without prejudice, other jurisdictions continue to grant prosecutors the absolute discretion to dismiss and refile. See generally 21 Am.Jur.2d Criminal Law § 770-84 (1998) (citing Missouri and Indiana as such jurisdictions); 3 Wharton's Criminal Procedure, § 445, pp. 926-33 (13th ed. 1991) (citing Florida, Louisiana, Maryland, and Vermont as such jurisdictions). Thus, the continuing vitality of the nolle prosequi power in other states further evidences the constitutionality of the practice.
Sheriff, Washoe County v. Marcus, 995 P.2d 1016, 1020 (Nev. 2000).
Specifically with respect to the question of whether a prosecutor should be permitted to dismiss an action in one court in order to proceed in another, Am.Jur. offers the following, supported by citation only to the hoariest of authorities:
 Where two courts have concurrent jurisdiction of an offense, it has been held that no impropriety is committed in prosecuting the offense in one court after it has been disposed of in the other court by a nolle prosequi, but this practice has been condemned.
21 Am.Jur.2d, supra at § 774 (citing State v. Van Ness, 199 A. 759 (Vt. 1938) and State v. Milano, 71 So. 131 (La. 1916)). As reflected in the foregoing, I personally suspect an Arkansas trial court might approve a motion for nolle prosequi if the action had been filed in that court by an agent of the prosecutor in direct violation of the prosecutor's instructions. However, in the absence of legislative or judicial guidance, I am not prepared to opine that the court would be in any way obligated to reach this result.
Question 2: Ultimately, does the County Prosecutor determine where countyor state law enforcement agents send their cases?
As implied in my response above, this question has both a practical and a theoretical aspect. As a practical matter, I suspect, although I am not a finder of fact and so cannot formally opine, that state troopers and sheriff's deputies themselves determine the court to which they will send such misdemeanors as infractions of traffic laws. However, I believe the prosecuting attorney retains unfettered discretion to seek to nolleprosequi a case and, if the prosecutor's motion is granted, to proceed in another available forum within his district. I further believe the prosecutor may well be authorized to dictate that law enforcement officers file particular misdemeanor citations in a particular court, although I am uncertain what remedy the prosecutor might have if an officer ignored such a directive. As noted above, judicial or legislative clarification on this latter point would be welcome.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] The location of felony prosecutions in circuit court is mandated by Ark. Const. amend. 80, § 6(A), which provides:
 Circuit Court are established as the trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to this Constitution.
District courts, which are the successors of municipal courts since the adoption of Ark. Const. amend. 80, have original jurisdiction, concurrent with circuit courts, over misdemeanors. Ark. Const. amend. 80, § 7(B).
[2] There is, after all, something odd in the premise that a law enforcement officer might independently determine in which of several available forums a prosecutor will be obligated to proceed. Concern to preserve the integrity of prosecutorial discretion no doubt accounts for the requirement in certain jurisdictions that the prosecutor sign off on citations, effectively converting them into informations. See, e.g.,State v. Barker, 490 S.W.2d 263, 268 (Mo. 1973) (discussing the application of this principle under Missouri law). However, no such requirement obtains under Arkansas law, and the Arkansas Supreme Court has expressly ruled that it is not unconstitutional to charge a police officer with the discretion to determine what misdemeanor charges will be filed. Lovell v. State, 283 Ark. 425, 433, 678 S.W.2d 318 (1984). NeitherLovell nor any other Arkansas case addresses whether a prosecutor retains discretion to alter either the substantive misdemeanor charges or the venue of a misdemeanor case initiated by a law enforcement officer.