## Harold PRATHER *v.* STATE of Arkansas

CR 73-171                                       509 S.W. 2d 309

### Opinion delivered May 20, 1974

*Knox Kinney,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Robert S. Moore, Jr.,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant was accused of five counts of forgery and five counts of uttering forged instruments. He was convicted on a total of six counts and sentenced to twelve years in the Department of Corrections. Five points are argued for reversal; however, we find it necessary to treat only one of those points. That is because we conclude that the evidence produced by the State was insufficient to sustain a conviction.

The State's witness, Charles Herod, confessed his participation in a series of transactions involving the forging and passing of six checks in Forrest City. It was testified that he (Herod), Anderson, and Prather (appellant) all resided in Memphis in May 1972; that they discussed going to Arkansas and cashing some checks; that each participant was given some false identification; that Anderson drove his car; that

Anderson had some payroll checks filled out with a check printer; and Herod testified he cashed five of the six checks for which the trio was charged. The procedure was, according to the witness, that he would take a check from Anderson, cash it, and return to the car and give the money to Anderson. Then they would drive on to another business. Herod testified appellant had nothing to do with the checks which the witness cashed.

Deputy Sheriff Joe Goff testified he received a call to stop a green car traveling on Washington Street upon belief that the occupants had been passing bad checks. He stopped the car and found the three men in it. He said appellant was in the front seat of the car on the passenger's side. Some checks were found under the floor mat; Anderson had the money; and appellant did not have any money. Sergeant Parkman arrived on the scene and conducted a search. In the trunk of the car he found various items of merchandise which came from the stores victimized. He related he found two wallets in the back seat, both containing identifications of parties other than the occupants. He said he found no evidence on the passenger's side where appellant was seated. He also said appellant had no money.

Five witnesses, each from five different stores where the checks were cashed, testified. It is undisputed that four of those five witnesses were unable to identify appellant as having come to their respective stores. The State contends that "Mrs. Munn's testimony indicated that she recognized the appellant as being the individual who passed a forged instrument at the United Dollar Store". We do not so view her testimony. On direct examination she was asked if she identified the man who negotiated the check. To which she replied: "I believe so. I'm not definitely sure, as I say, I didn't check him out. I just okayed the check". She said she thought the man was in the courtroom but she was not asked to point him out. Then on cross-examination there was this colloquy:

Q. Well, you certainly offer no identification now at this time, is that right?

A. Un-huh.

Q. You do not. You would swear that you never saw this

man before in your life, would you (indicating defendant)?

A. No, sure wouldn't.

Her testimony, it will be seen, is slightly confusing; however, we certainly cannot say she unequivocally identified the appellant as being one and the same person who cashed the check in her store.

We have many times, and consistently so, passed on the requirement that a conviction of a felony cannot be had on the testimony of an accomplice "unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof". Ark. Stat. Ann. § 43-2116 (Repl. 1964). In construing the statute we have held that "The test of sufficiency of corroboration has been stated to be whether, if the testimony of the accomplice is eliminated from the case, the testimony of the other witnesses be sufficient to establish the commission of the offense and the connection of the accused therewith". *Froman* v. *State*, 232 Ark. 697, 339 S.W. 2d 601 (1960). Corroborating evidence which merely raises a suspicion of guilt is not enough. *Underwood* v. *State*, 205 Ark. 864, 171 S.W. 2d 304 (1934). *Pitts* v. *State*, 247 Ark. 434, 446 S.W. 2d 222 (1969).

In two later cases wherein we reversed on facts which are fairly comparable to the facts in the case at bar, we applied the same principles as were applied in *Pitts*. *Moore* v. *State*, 251 Ark. 436, 472 S.W. 2d 940 (1971); *Dunn and Whisenhunt* v. *State*, 256 Ark. 508, 508 S.W. 2d 555 (1974).

The corroborative evidence raises no more than a suspicion that appellant was implicated in the bad check spree.

Reversed and remanded.