John Henry RAYFORD *v.* STATE of Arkansas

CR  84-150                                        683 S.W.2d 911

Supreme Court of Arkansas
Opinion delivered February 11, 1985

*Cross, Kearney & McKissic,* by: *Othello C. Cross,* for appellant.

*Steve Clark,* Att'y Gen., by: *Arnold M. Jochums,* Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. At about 7:30 p.m. on March 25, 1983, two men armed with a shotgun and pistol

robbed a grocery store in Pine Bluff. The appellant Rayford and Lester Thompson were charged with aggravated robbery and theft of property. Thompson admitted his guilt and testified for the State at Rayford's trial. Upon undisputed in-chambers proof of Rayford's prior convictions the court submitted the issues of guilt or innocence and the enhancement ranges of punishment. The jury found Rayford guilty of both charges and imposed sentences of 30 and 10 years, which the court made consecutive. We discuss the appellant's three arguments for reversal, none of which have merit, in the order in which they arose at the trial.

First, at a suppression hearing and again at the trial the defense questioned the reliability of the prosecution's identification of Rayford. Two employees of the store identified Rayford as one of the robbers. Counsel argue that their testimony was unreliable owing to discrepancies in their original descriptions of the robbers and to uncertainties in their selections from photographs. Nevertheless, the witnesses' positive identification of Rayford in the courtroom certainly "tended" to connect Rayford with the crime and therefore made the accomplice's testimony a permissible basis for the jury's verdict. Ark. Stat. Ann. § 43-2116 (Repl. 1977). This case is unlike *Prather* v. *State*, 256 Ark. 581, 509 S.W.2d 309 (1974), where the five witnesses who had cashed checks for the defendant were unable to identify him; so the accomplice's identification was uncorroborated. Here Thompson's identification was corroborated. He testified he had known Rayford all his life. He described the robbery in detail. The identification of Rayford was amply sufficient.

Second, at the outset the defense announced its readiness for trial, but after the State rested its case counsel made an in-chambers motion for a continuance because of the absence of a material witness. It is now insisted that the trial judge's denial of a continuance was error. We find no abuse of the court's wide discretion in the matter, not only for counsel's lack of diligence but also for the apparent unreliability of the absent witness's expected testimony.

We hardly need to do more than narrate the proof. On March 5, 1984, the case was set for trial on Monday, May 21.

On May 3 counsel obtained a subpoena for the witness, Lavell Robinson, with a Pine Bluff address, but the sheriff was unable to find him, reporting that he had moved and left no forwarding address. At the in-chambers hearing on the motion for continuance, Rayford's girlfriend, Patricia Mooney, was the only witness to testify in support of the motion. She said that the missing witness, a coast-to-coast truck driver, had returned to Pine Bluff on Wednesday before the trial began on Monday. On Saturday afternoon Robinson came by Ms. Mooney's home, but she did not communicate with the sheriff. She said that Robinson telephoned her at 8:00 o'clock on the morning of trial, promising to pick her up, but he did not show up. She again had not sought the sheriff's assistance and had been unable to find Robinson herself, although he was still in Pine Bluff.

On Friday afternoon, before the trial on Monday, defense counsel had called Judge Williams, who was trying a case in another county, and asked for a continuance. Judge Williams replied that the jury had already been summoned and a continuance would not be granted. Also on Friday afternoon counsel filed an unverified written motion for a continuance, stating that he had been told on May 14 that the sheriff could not find Robinson. The motion alleged that Robinson was expected to return during the weekend of May 25 (after the trial) and could be served. The written notice, which had not been seen by the trial judge when he denied the oral motion during the trial, stated that Robinson would testify that "the Defendant was a passenger in the witness' cab and was approximately 5 miles from the location of the robbery [no time being specified]." At the in-chambers hearing Ms. Mooney testified that Robinson would testify that on the evening of the robbery he picked up Rayford at 7:00 and was with him until 7:10. At the trial Rayford testified that he himself had been a cab driver, that Robinson had picked him up at 7:00 p.m. and let him out at 7:10 on the evening of the robbery, that he had gambled with others from then until 8:00 o'clock, and that none of the other gamblers would be called to testify. Neither Rayford nor anyone else testified how far he was from the scene of the robbery when Robinson let him out of the cab. Thus, the written motion's allegation that Rayford had been five miles

away at some unspecified time was unsupported even by proffered testimony.

As to diligence, the trial judge rightly pointed out that the defense should have called the sheriff instead of having the defendant's girlfriend look for Robinson. Moreover, the defense had announced its readiness for trial and did not renew its request for a continuance until the State had rested, when a mistrial and resetting of the case would have been necessary.

As to relevance, the trial judge may consider the probable effect of the testimony of the missing witness. *Kelley* v. *State*, 261 Ark. 31, 33, 545 S.W.2d 919 (1977). The State had four eyewitnesses to the robbery, three of whom identified Rayford. Two of them said the robbery was at closing time, which was not specified. Thompson, the accomplice, said that he picked up Rayford between 5:00 and 6:00 p.m., they discussed robbing the store at closing time when there were no customers, and they went to the store between 7:15 and 7:30. They looked over the store and the parking lot for about ten minutes before they went in and robbed it. That would put the robbery at 7:25 at the earliest. The supposed testimony of the cab driver and Rayford's own testimony supported his alibi only until 15 minutes earlier. The movant had the burden of proof. There was no proffer of testimony to show how Robinson could, 14 months later, have remembered picking up a fellow cab driver at precisely 7:00 p.m. on March 25, 1983. The trial judge had to weigh the State's strong proof of guilt against the probable effect of Robinson's testimony at a new trial. The denial of a continuance was not an abuse of the trial judge's unquestioned discretion in the matter.

Third, it is argued that the court should have given three requested instructions cautioning the jury about the unreliablity of identification testimony. The instructions were unnecessary and strongly slanted in favor of the defense, contrary to our rule that non-AMCI instructions must be impartial and free from argument. AMI Criminal, viii (1982).

Affirmed.

PURTLE and NEWBERN, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. The appellant was charged in May of 1983. Counsel, who represents the appellant in this appeal, was appointed as defense counsel in December, 1983. In March, 1984, the appellant's trial was set for May 21, 1984. On May 3, 1984, appellant's counsel had a subpoena issued for Lavelle Robinson. On May 9, 1984, appellant's counsel filed a response to a prosecution motion seeking information as to the appellant's defense and supporting witnesses. The response was that the defense would be alibi and Lavelle Robinson would be a supporting witness.

In the motion for a continuance the appellant's counsel stated he had been informed on May 4, 1984, by the sheriff's department of the department's inability to locate Lavelle Robinson. It was further stated that counsel had ascertained Robinson was out of Arkansas and would not return until May 25, 1984. This motion was filed Friday, May 18, 1984. On that same date appellant's counsel telephoned the trial judge who was trying another case in another county. In a statement of record describing his response to the continuance motion on that date, the judge said, "I told him then that we had called a jury and I would not grant a continuance."

The trial proceeded on Monday, May 21, 1984. At the end of the state's case, counsel again sought a continuance for the purpose of getting the testimony of Robinson. The court's response was:

> Your motion is going to be denied. We are in the middle of the trial. I think we would have to declare a mistrial or you know, a continuance. We have a jury trial set tomorrow and a jury trial set Thursday. I guess we have a jury trial Wednesday. I'm not sure. And to grant a continuance at this time, I don't know when we could possibly reset the matter. The court is going to deny your motion.

Then the court permitted appellant's counsel to examine Patricia Mooney out of the jury's presence for the

purpose of making a record on the efforts to locate Robinson and the nature of his prospective testimony. Mooney testified that she was the appellant's girlfriend and that on Saturday, May 19, 1984, she had spoken with Robinson who had assured her he would be at the trial. She also testified that Robinson had told her he would testify that the appellant was in a cab being driven by Robinson between 7:00 and 7:10 on the evening of the robbery to an address on University which she believed to be 511 University. The written continuance motion stated Robinson would testify Rayford was a passenger in Robinson's cab approximately five miles from the scene of the robbery. Robinson apparently was capable of saying where the appellant was at that time, and that testimony could have had a vital effect. Mooney testified further that she observed appellant's counsel receiving the same information she had received by telephone from Robinson. She said Robinson had called her at 8:00 on the morning of the trial and promised to take her to the trial at 8:30 and that she had been out searching for him during the trial.

In *Thorne* v. *State*, 269 Ark. 556, 601 S.W.2d 886 (1980), criteria for determining whether a continuance should be granted were stated. Some of the criteria were stated in terms applicable only to the *Thorne Case* which involved an accused's efforts to make a last-minute change of counsel. Others are of general application. They are:

> . . . whether other continuances have been requested and granted; the length of the requested delay; whether the requested delay is for legitimate reasons; whether or not the motion for a continuance was timely filed; whether or not the defendant contributed to the circumstances giving rise to the request for a continuance; . . . whether the request is consistent with the fair, efficient and effective administration of justice; whether the denial of the continuance resulted in identifiable prejudice to the defendant's case of a material or substantial nature; . . . Not one of these factors is a prerequisite to the granting of a continuance, but these and other factors are the legitimate subject of the court's attention when a continuance is requested. [269 Ark. at 561; 601 S.W.2d at 889]

No continuance was requested in this case other than for the purpose of obtaining the testimony of Robinson. The 30-day delay sought was not unreasonable. While the existence and prospective testimony of an alibi witness might seem conjectural when the decision must be based only on the word of the accused, here there was sworn testimony of another person showing that both she and the accused's counsel had spoken with the absent witness and ascertained he would corroborate the accused's testimony that around the time of the robbery the accused was elsewhere.

As to the timeliness of the motion, the circumstances must be considered. In *Thorne* v. *State, supra,* the motion was made sixteen days before trial. Here it was made only three days before the trial. In the *Thorne Case* the court noted the motion was made on the day the defendant learned of the problem with his counsel. No action was taken on the motion until the day the trial began. The accused was trying to obtain other counsel and negotiating a fee even as jurors were being seated. The denial of the continuance resulted in the defendant having to proceed *pro se* and without time to prepare to do so. This court held the denial of the continuance was an abuse of discretion.

In this case, the subpoena was issued for Robinson May 4, 1984, and was returned *non est* on May 21, 1984, the trial date. In his motion for a continuance counsel stated he had been informed of the difficulty of serving Robinson on May 4, 1984, and that on May 16, 1984, he had obtained (apparently incorrect) information that Robinson would be out of the state until May 25, 1984. The motion was filed on May 18, 1984. While this motion was not filed on the day the problem was first perceived by the accused's counsel, it does not appear to have been unreasonably delayed, given counsel's apparent effort to ascertain the whereabouts of the witness.

The majority opinion makes the point that the written continuance motion was not brought to the court's attention at the beginning of the trial and that both parties announced they were ready. Given Robinson's statement to Mooney and

counsel only two days before the trial and his statement to Mooney on the morning of the trial that he would appear, it was not unreasonable for counsel to think he would show up. When the state's evidence ended and the witness still was not present, counsel pressed the motion.

There was nothing in the record to show the accused had in any way contributed to the need for a delay, and it is clear that denial of a continuance may have been highly prejudicial.

The opinion in *Kelley* v. *State*, 261 Ark. 31, 545 S.W.2d 919 (1977), says the trial court may consider, as one factor, the probable effect of the testimony of the missing witness. However, I do not believe even the mighty vigorous opinion of the majority in this case means to suggest the court should put itself in the place of the jury.

The importance of Robinson's prospective testimony to this accused's case is at least as great as was the time needed for the accused to prepare his defense in the *Thorne Case*. The fact that a jury had been called and the possible requirement of a mistrial are important, but they are not to be considered exclusively. On some occasions efficiency must yield ultimately to considerations of fairness to the accused.

This was a close case, but on balance I find an abuse of discretion in the denial of the motion for a continuance, therefore I respectfully dissent.

Justice PURTLE joins in this dissent.