Theodore JONES *v.* CITY OF NEWPORT

CA CR 89-65                                    780 S.W.2d 338

Court of Appeals of Arkansas
Division I
Opinion delivered September 27, 1989
[Rehearing denied October 25, 1989.]

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Tim Humphries*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was issued citations charging him with driving without a valid driver's license in violation of Ark. Code Ann. § 27-16-602(a) (1987), and with failure to pay vehicle registration and license fees in violation of Ark. Code Ann. § 27-14-601 (1987). After a jury trial, the appellant was convicted of those offenses and fined. From that decision, comes this appeal.

The appellant proceeded *pro se* both at trial and on appeal. He advances several points for reversal, many of which are similar to those presented in the recently-decided case of *Theodore Jones* v. *State of Arkansas*, CACR 89-28 (op. del. August 30, 1989) (not designated for publication). We affirm.

There was evidence at trial to show that the appellant did not have a valid driver's license, and that he was apprehended while driving a vehicle on which the registration and license fees had not been paid. The appellant does not dispute this evidence, but instead advances several arguments challenging the validity and applicability of the licensing statutes.

■ The appellant first contends that, by virtue of his status as "an individual freeman at common law," he possesses a natural right to travel the highway and is therefore expressly exempt from the licensing requirements of Ark. Code Ann. § 27-16-602 (1987). We do not agree. Arkansas Statutes Annotated § 27-16-603 lists several classes of persons exempt from licensing, but contains no exemption for "individual freemen at common law." Moreover, it has been generally held that the operation of a motor vehicle on the public highway is not a matter of right, but is instead a mere license or privilege. 7A Am. Jur. 2d *Automobiles and Highway Traffic* § 100 (1980). The Arkansas Supreme Court, in accord with the weight of authority, has held that driving a motor vehicle on a public highway is not a matter of natural right, but is instead a privilege which may be regulated by licensing requirements. *Satterlee* v. *State*, 289 Ark. 450, 711 S.W.2d 827 (1986). *Satterlee* is controlling, and the trial court did not err in denying the appellant's motion to dismiss on this basis.

The appellant next contends that the trial court erred in converting the exercise of his right to drive on the public highway into a crime. Because this argument is premised on the contention that driving is a right rather than a privilege, and because we have rejected that contention, we need not address this argument. For the same reason, we need not address the appellant's contention that his conviction abrogated his right to travel on a state highway as an individual.

■ Next, the appellant contends that he was denied due process of law by the trial court's refusal to hold an omnibus hearing under Ark. R. Crim. P. 20.2 and 20.3. The plain language of Ark. R. Crim. P. 20.1, 20.2, and 20.3 clearly indicates that an omnibus hearing is not mandatory in every case. Nevertheless, we need not address the merits of this issue because the record clearly shows that the appellant was not prejudiced by the trial court's

refusal to hold an omnibus hearing. Despite the appellant's assertion that his motions were not read by the trial judge, the record shows that the trial judge stated that he had reviewed the appellant's motions, noted the similarity of these motions to motions presented by the appellant in a previous case, and ruled on them prior to trial. We do not reverse in the absence of prejudicial error, *Hardcastle* v. *State*, 25 Ark. App. 157, 755 S.W.2d 228 (1988), and we find no prejudice in the trial court's refusal to hold an omnibus hearing in this case.

The appellant also argues that he was denied assistance of counsel at trial. The record reflects that the following exchange took place after the parties approached the bench for trial:

THE COURT: We'll try your case now. You ready to go?

. . .

THE COURT: Who is this man right here?

MR. JONES: That is my assistance of counsel.

THE COURT: You go out there on the front row out there. You go sit down on the front row out there. There is no assis—

MR. JONES: Am I being denied. . .

THE COURT: You are. There is no assistance of counsel going to come up here in a tee shirt with double swingers on it.

Now, what you need to do is get through those rails real quick and get on that front row or you're fixing to go to the jailhouse real quick. You hear me?

MR. JONES: Is this, a record being made of this?

THE COURT: You betcha.

MR. JONES: Then let the record reflect that I've been denied my assistance of counsel.

The appellant argues that the trial court erred in refusing to allow his unnamed "next friend" to take part in the proceedings, and

asserts that neither the Arkansas constitution nor the federal constitution require that an accused's counsel must be approved by the Bar or by the court.

■ The appellant does not assert that his "next friend" was a licensed attorney, and we find no error. The United States Supreme Court has noted that:

> The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects. Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court.

*Wheat v. United States*, 486 U.S. 153 (1988). Likewise, Arkansas courts have held that the right to choose counsel cannot be manipulated or subverted to obstruct the orderly procedures of court, or to interfere with the administration of justice. *See e.g.*, *Tyler* v. *State*, 265 Ark. 822, 581 S.W.2d 328 (1979). Here, the record shows that the appellant had represented himself in all pre-trial proceedings, and that the trial court was surprised at the appearance of the appellant's inappropriately-attired "next friend" on the day of trial. The appellant does not assert that his "next friend" was a licensed attorney. We find no error on this point.

The appellant next contends that the trial court erred in refusing to allow him to call the prosecuting attorney as a witness. The record shows that the appellant attempted to call Mr. Montgomery, who was prosecuting the case for the State, as an expert witness. The trial court denied the request on the ground that it would be a breach of ethics for Mr. Montgomery to testify in a case he was prosecuting, and that there was no indication that only Mr. Montgomery could provide the expert testimony the appellant desired.

■ An appellant must show that a witness's testimony would have been both material and favorable to his defense in order to establish a violation of his right to compulsory process. *United States* v. *Valenzuela-Bernal*, 458 U.S. 867 (1982). The appellant has failed to make such a showing in the case at bar. No mention is made in the appellant's brief regarding his purpose for calling Mr. Montgomery, and no proffer of testimony was made

at trial. On this record, we cannot say that the trial court erred in refusing to allow Mr. Montgomery to be called as a witness.

Next, the appellant contends that the trial court erred in proceeding criminally in a civil case. He notes that Ark. R. Crim. P. 1.5 requires that criminal prosecutions be brought in the name of the State of Arkansas, and concludes that the case at bar is a civil case because it was prosecuted in the name of the City of Newport. This argument was addressed and rejected in *Graham v. State*, 25 Ark. App. 234, 756 S.W.2d 921 (1988), which held that a court is not deprived of criminal jurisdiction when the style of a misdemeanor case lists a municipality as plaintiff.

The appellant next argues that the trial court erred in refusing to allow him to voir dire each prospective juror individually. We do not agree. Arkansas Code Annotated § 16-33-101 (1987) requires the court to examine prospective jurors regarding disqualifications, and permits further questions to be asked "by the court, or the attorneys in the case, in the discretion of the court." The record shows that the trial judge complied with Ark. R. Crim. P. 32.2 by identifying the parties and counsel, by revealing the names of the witnesses made known to the court, and by outlining the nature of the offense. It is well-settled that the trial judge has wide discretion to regulate the scope and extent of voir dire, and that his restriction of that examination will not be reversed on appeal unless his discretion is clearly abused. *Izzard v. State*, 10 Ark. App. 265, 663 S.W.2d 192 (1984). Here, the trial judge permitted the appellant to ask questions to individual jurors but limited voir dire by requiring the appellant to address his questions to the panel as a whole after noting that the appellant was asking each juror the same questions. We cannot say that the trial court clearly abused his discretion in so limiting voir dire.

The appellant also argues that the traffic tickets he received were defective in that they bore the caption "summons" rather than "citation." Although the appellant asserts that he was denied due process by the defective caption, he does not indicate the manner in which he was prejudiced by being charged by a ticket captioned as a summons. The record shows that the tickets comported with the form prescribed for citations in Ark. R. Crim. P. 5.3 in that they apprised the appellant of the charges

against him, the name of the issuing officer, the date of issuance, the location of the violation, and the place and time where he could appear to have a court date set. The appellant was thus informed of the nature of the offense charged and afforded an opportunity to be heard on that charge, *see Thompson* v. *City of Little Rock*, 264 Ark. 213, 570 S.W.2d 262 (1978), and we hold that the traffic tickets, despite their defective captions, were not so defective as to prejudice the appellant in this case. *See Gullett* v. *State*, 18 Ark. App. 97, 711 S.W.2d 836 (1986).

Finally, the appellant argues that the trial court erred in denying his proposed jury instructions. The record shows that the appellant submitted nineteen jury instructions based on his theory that he travelled the highway as a matter of natural right, and supporting the proposition that such rights cannot be denied by state government. We have reviewed these instructions and find them to be either incorrect or irrelevant. We hold that the trial court did not err in refusing the proffered instructions. *See Rayford* v. *State*, 284 Ark. 519, 683 S.W.2d 911 (1985).

Affirmed.

CRACRAFT and ROGERS, JJ., agree.