Raymond Dale LYNCH *v.* STATE of Arkansas

CR 93-293                                                    863 S.W.2d 834

Supreme Court of Arkansas
Opinion delivered November 8, 1993
[Rehearing denied December 13, 1993.]

*Kenneth G. Fuchs*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. On June 25, 1991, appellant was arrested for burglary and charged with the crime the next day. He was convicted by jury for breaking or entering on August 20, 1992, and sentenced to fifteen years under the Habitual Offender Statute. On appeal, appellant argues three points for reversal.

First, appellant urges that Faulkner County Circuit Judge David Reynolds had no authority to preside over five pretrial hearings or appellant's trial. The events appellant mentions in support of his argument begin with Faulkner County Circuit/Chancery Judge Watson Villines' initial pretrial hearing on December 6, 1991. At that hearing, Judge Villines removed appellant's appointed counsel because of appellant's dissatisfaction with her. The judge then appointed new counsel, Kenneth Fuchs, who represented appellant throughout the proceedings below and represents him now on appeal.

Judge Villines held a second pretrial hearing on March 2, 1992, but on May 1, 1992, he signed an order transferring the case to Faulkner County Chancery Judge Andre McNeil, apparently because Villines had previously, as an attorney, represented the appellant in an earlier criminal matter. Subsequently, Circuit Judge Reynolds' case coordinator was doing her customary computer review of pending criminal cases and without Reynolds' knowledge, or an order, the coordinator transferred appellant's case to Reynolds' docket. Judge Reynolds held three pretrial hearings, and later, when appellant filed a speedy trial motion to dismiss on the day set for trial, August 14, 1992, Reynolds held another pretrial hearing. In considering appellant's speedy trial motion, Reynolds discovered that the appellant's case had appeared on both Villines' and McNeil's docket, and Reynolds stated he needed to learn what had occurred in those two courts before he could rule on appellant's motion. He then continued appellant's trial until August 20, 1992.

Two days before trial, Judge Villines, with Judge Reynolds present, conducted a hearing to explain for the record the administrative court history of appellant's case, and how it became Judge Reynolds'. Appellant's attorney, Fuchs, expressed surprise over Judge Villines presiding over the hearing, and stated he thought Reynolds would be presiding. Fuchs objected to Villines hearing the matter, stating Villines had no jurisdiction to do so and that appellant would be prejudiced because Judge Reynolds had become familiar with the case and was more knowledgeable of the motions and matters covered at earlier pretrial hearings. Judge Villines recessed the August 18th hearing to the next day so Fuchs could offer further argument, but on August 19th, Judge Reynolds presided and announced Villines had set aside his May 1, 1992 order transferring appellant's case to Chancery Judge McNeil's division so the dockets would correctly reflect appellant's case to be in Reynolds' division. Villines' order signed, dated, and entered on August 19, 1992, set out his findings.

Appellant relies on Ark. Code Ann. § 16-13-403(a) (Supp. 1993), which in relevant part provides that circuit judges and chancellors may by agreement temporarily exchange districts-circuits, and may hold court for each other for such length of time as may be practicable. Provision 403(a)(2) further provides the agreements shall be signed by the judges so agreeing

and entered on the record. Appellant argues that, when Judge Villines transferred appellant's case to Chancery Judge McNeil's division and McNeil had signed the order, only McNeil had jurisdiction to transfer the cause to Reynolds' division. We disagree.

This court had previously ruled that there was no statutory authorization for the exchange of divisions among circuit and chancery judges within a judicial district. *Lee* v. *McNeil,* 308 Ark. 114, 823 S.W.2d 837 (1992). Section 16-13-403, as amended, now authorizes such exchange of circuits between circuit judges and chancellors within the same districts-circuits.[1] While § 16-13-403(a)(2) provides that the judges agreeing to the exchange shall sign such an agreement, the judges affixing their signatures to the agreement is not a jurisdictional act necessary to effect the exchange. It is the enactment of § 16-13-403 and the judges' agreement thereunder that empowers the judge-on-exchange to assume authority to hear or try a case. As a circuit judge, Reynolds indisputably had power to hear appellant's criminal case. Ark. Const. art. 7, § 11; § 16-13-403(b)(1) (Supp. 1993), and *Lee,* 308 Ark. 114, 823 S.W.2d 837.

Appellant is certainly correct in contending § 16-13-403(a)(2) mandates that the judges, agreeing to exchange a case, sign the agreement and enter it on the record. Nonetheless, such a non-jurisdictional error may be waived. *See Finley* v. *State,* 295 Ark. 357, 748 S.W.2d 643 (1988). In *Boone* v. *State,* 282 Ark. 274, 668 S.W.2d 17 (1984), Boone contended on appeal that reversible error had occurred when the trial court had not made him aware of the trial court's order changing venue so Boone's trial would take place in Clay County rather than Craighead County. At the beginning of trial, the trial court asked the parties if they were ready for trial and Boone's counsel replied, "We are not aware this case had been transferred so we don't consent, but we are here." The court held counsel's statement did not constitute an objection. It further ruled that an objection to be effective must be made at the first opportunity and must apprise the trial court of the specific ground upon which it is based. The court con-

---

[1]Section 16-13-403 was amended by Act 51 of 1992 (1st Ex. Sess.) after the Lee case was decided.

cluded Boone had failed to state the basis for his objection and failed to obtain a ruling from the trial court.

■ Here, appellant became aware as early as August 3, 1992, that Judge Reynolds would be presiding in this case, and accordingly, Reynolds conducted extensive pretrial hearings in advance of the scheduled trial date which was August 20, 1992. Reynolds held other pretrial hearings on August 12th, 14th, 19th and on the day of trial. As previously mentioned, Reynolds also attended the pretrial hearing on August 18 when appellant's main focus was that he objected to Judge Villines presiding over any matters pertaining to appellant's case. Appellant did say at the August 18th hearing that his case "was Judge McNeil's case" and "no order had been signed returning the case to Villines or transferring it to Reynolds." Nonetheless, appellant never objected to Reynolds' presiding over any of the pretrial hearings or appellant's trial. To the contrary, appellant's counsel stated over and over again that Judge Reynolds had heard the pretrial hearings, and he was the judge most knowledgeable and familiar with the case. Clearly, Judge Villines had had limited contact with appellant's case and was indisputably unwanted as a presiding judge by the appellant. In addition, Judge McNeil's only contact with appellant's case was the May 1, 1992 order transferring the matter to McNeil.

■ In sum, appellant waited until two days prior to trial to raise his objection that § 16-13-403(a)(2) had not been complied with, and he only raised the issue then after Judge Reynolds suggested he needed records concerning what action, if any, Villines and McNeil might have previously taken in the case so Reynolds could rule on appellant's speedy trial motion. In *Phillips v. State*, 266 Ark. 883, 587 S.W.2d 83 (Ark. App. 1979), our court of appeals properly stated the rule that no party ought to be allowed to assign as error on appeal a ruling by the trial court that might have been corrected in the first instance by timely objection or inquiry. That court further explained that the rule encourages counsel to call the possibility of prejudicial error to the court's attention so that it can be corrected or, if not, so that a clear opportunity for correction be given. *Id.*

In the present case, appellant simply failed to offer a timely objection or show any prejudice resulting from Judge Reynolds'

having presided in this case. In fact, if Chancery Judge McNeil had been required to preside after appellant made known his belated objection on August 18th, both the appellant and the state would have been disadvantaged and prejudiced by having a judge who had no prior knowledge of the case. Accordingly, we reject appellant's argument that Judge Reynolds had no authority to preside in this case.

■■ Appellant's second argument is that his conviction should be reversed and dismissed because he was denied a speedy trial. Rules 28.1(c) and 28.2(a) require the state to bring the defendant to trial within one year from the date a charge is filed in circuit court, unless the defendant has been arrested and is in custody, out on bond, or has been lawfully set at liberty, in which case time runs from date of arrest. Here time commenced when appellant was arrested on June 25, 1991; he was tried on August 20, 1992, so his speedy trial time was exceeded by fifty-six days. In these circumstances, the state has the burden to show good cause for untimely delay. *Novak* v. *State*, 294 Ark. 120, 741 S.W.2d 243 (1987).

■ First, we mention that the trial court initially set appellant's original trial date for November 11, 1992, which was well within the twelve-month speedy trial period. Appellant, however, filed a pro se motion on October 17, 1991 to remove his court-appointed counsel, and on October 30, 1991, he asked for a hearing on his motion. Appellant's motions caused the November 11 trial to be continued, and the court granted appellant's request for removal of counsel at a pretrial hearing on December 6, 1991. At the same hearing, the court appointed new counsel for appellant. This court has held that, when the defendant is scheduled for trial within the time for speedy trial and the trial is postponed because of the defendant, that is good cause to exclude the time attributable to the delay. *Lewis* v. *State*, 307 Ark. 260, 819 S.W.2d 689 (1991). Here, appellant's pretrial motion caused postponement of his trial, and at the least, the twenty-four day period between November 11 and December 6, 1991 was excludable.

■ Next, we refer to the trial court's pretrial proceeding on March 2, 1992, which apparently was set for the purpose of taking appellant's plea. No plea was forthcoming, and at the hearing's end, the trial court directed that the time between the appel-

lant's last court appearance, December 6, 1991, and his new trial date, August 14, 1992, should be charged against appellant for speedy trial purposes.[2] Appellant offered no objection, and we believe the state is correct in excluding this more than seven-month period as well. Obviously, if the foregoing periods are excludable and chargeable to appellant, as we now hold, the August 20, 1992 trial date falls well within the speedy-trial period of one year.

We also recognize appellant's argument that Rule 28.3(i) of the speedy trial rule requires that all excludable periods shall be set forth by the trial court in a written order or docket entry. However, this court has upheld excludable periods without a written order or docket entry when the record itself demonstrates the delays were attributable to the accused and where the reasons were memorialized in the proceedings at the time of the occurrence. *Hudson* v. *State*, 303 Ark. 637, 799 S.W.2d 529 (1990); *Hicks* v. *State*, 305 Ark. 393, 808 S.W.2d 348 (1991). Here, both excludable periods were properly memorialized.[3]

Appellant's final point concerns his contention that reversal is required because the state caused members of the jury panel to view appellant when he was in a bright orange jail uniform, handcuffs, and a security belt. Appellant's encounter with the panel occurred at the pretrial hearing on August 19, 1992, which was scheduled for 8:00 a.m. so as to avoid the jury members who were due at 9:00 a.m. Actually, appellant's counsel was late in arriving for the hearing and this delay aided in appellant still being present in the courthouse when the jurors began arriving. More important, while appellant argues that some of the jurors

---

[2]We note the appellant disagrees on whether the trial court made these remarks at the March 2, 1992 hearing. However, at the August 19, 1992 pretrial hearing, this subject arose and the trial court stated it had advised both appellant and counsel that this time would be charged to appellant and counsel responded, saying, "Your Honor, you know, I took it that you were talking to your case coordinator." From this colloquy, appellant obviously was present when the trial court's remarks were made, and the record supports the trial court's finding on this point.

[3]Appellant also makes reference, under this speedy-trial argument, to the fact that, for a period, he was without counsel of his choice (his first court-appointed attorney), so certain delays should not be charged against him. Of course, the right to counsel of one's choosing is not absolute. *Clements* v. *State*, 306 Ark. 596, 817 S.W.2d 194 (1991).

admitted knowing him, he offered no proof from the jury that any of them ever saw him in restraints. Appellant's counsel asked several questions of the jurors including whether they could judge appellant impartially, to which all jurors nodded their heads affirmatively.

This court has held that it is not prejudicial per se when a defendant is brought into a courtroom handcuffed or even legcuffed. *Townsend* v. *State*, 308 Ark. 267, 824 S.W.2d 821 (1992). And where there is evidence of only a brief, inadvertent sighting by only some of the jurors, no prejudice occurs. *Id.* Here, Lynch failed to present sufficient evidence that any one of those who were in the courtroom on August 19 actually served on his jury on August 20. His only evidence was his own testimony that he recognized some of the jurors.

For the reasons discussed, we affirm.

DUDLEY and BROWN, J.J., concur.

ROBERT H. DUDLEY, Justice. I concur in the result reached, but do so for a reason different than that expressed in the majority opinion. Appellant was charged with a felony in the Circuit Court of Faulkner County. The act creating the Twentieth Judicial District, of which Faulkner is a part, does not designate divisions for the Circuit Court of Faulkner County. *See* Ark. Code Ann. § 16-13-2803 (Supp. 1993). There is only one Circuit Court of Faulkner County, regardless of the number of circuit judges in Faulkner County. *Harkness* v. *Harrison*, 266 Ark. 59, 585 S.W.2d 10 (1979). All circuit judges of the Circuit Court of Faulkner County have equal power, authority, and responsibility. *See* Ark. Code Ann. § 16-13-210 (1987); *Beaumont* v. *Adkisson*, 267 Ark. 511, 593 S.W.2d 11 (1980). Circuit Judge David Reynolds was a duly elected, qualified, and acting judge of the Circuit Court of Faulkner County at the time appellant was tried and convicted. Judge Reynolds had the power, authority, and responsibility to preside over this trial.

Two days before the trial commenced appellant objected to Judge Reynolds presiding. The majority opinion holds that the objection was untimely. There is no authority that provides an objection to the power of a judge to preside must be made more than two days before the trial commences. It is possible, but need

not be determined, that such an objection could timely be made at the time of allocution. *See* Ark. Code Ann. § 16-90-106 (1987). Thus, the objection was timely, and the ruling by Judge Reynolds that he had the power to preside should be affirmed solely on its merits.

BROWN, J., joins in this concurrence.