Jeanne STEVENS *v.* STATE of Arkansas

CR 94-296                                         893 S.W.2d 773

Supreme Court of Arkansas
Opinion delivered February 27, 1995
[Rehearing denied April 3, 1995.]

*Appellant*, pro se.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted in municipal court of speeding, operating a motor vehicle with a suspended driver's license, and operating a motor vehicle without proof of financial responsibility. She appealed to circuit court where she was again convicted of each of the misdemeanors. She appealed to the court of appeals, and it certified the case to this court as a case involving the constitutionality of statutes. We affirm the convictions.

Appellant challenges the constitutionality of sections 27-22-104(a) and 27-16-303(a)(1) of the Arkansas Code Annotated of 1987. The first of these two statutes requires the driver of a motor vehicle either to have a minimum amount of liability insurance or to show financial responsibility, and, if he is arrested and can show neither, his vehicle registration will be suspended and its license impounded. *See* Ark. Code Ann. § 27-22-104(c)–(d) (Repl. 1994). The second statute provides that a person may not operate a motor vehicle while his driver's license is suspended. Ark. Code Ann. § 27-16-303(a)(1). Appellant was previously involved in an accident and was convicted of a traffic misdemeanor. Her license had been revoked, and she did not have insurance and could not show financial responsibility. The two statutes operated together to prevent appellant from lawfully operating a motor vehicle. She contends that the statutes, taken together, constitute an abridgment of her rights under the Fourteenth Amendment, therefore, the convictions under these two statutes must be reversed.

■ We have already held that the operation of a motor vehicle upon a public road is a privilege and not a right and that the State may exercise its police powers to regulate that privilege. *Satterlee* v. *State*, 289 Ark. 450, 711 S.W.2d 827 (1986); *Jones* v. *City of Newport*, 29 Ark. App. 42, 780 S.W.2d 338 (1989). This power is most often recognized for the purpose of promoting safety. *See Hess* v. *Pawloski*, 274 U.S. 352 (1927).

Appellant contends that *Satterlee* and *Jones* are not in point because those cases did not involve insurance, and, even if they are in point, they are in violation of the Fourteenth Amendment because it provides, "No State shall make or enforce any law which shall abridge the *privileges* . . . of any citizen." U.S. Const. amend. 14, § 1 (emphasis added.)

■■ The statutes together have the effect of making drivers financially responsible, at least in part, for damages they might negligently inflict upon others. Damages in this context include the cost of medical care and rehabilitation. In this manner the statutes promote public well being and safety and come within the State's police power. In addition, it is generally recognized that police powers regulating the operation of motor vehicles are applicable to areas other than safety. *See* Jeffrey T. Walker, Annotation, *Validity And Application Of Statute Or Regulation Authorizing Revocation Or Suspension Of Driver's License For Reason Unrelated To Use Of, Or Ability To Operate, Motor Vehicle*, 18 A.L.R. 5th 542 (1994). The statute at issue originated as Act 988 of 1991 as "an attempt to enhance the enforcement of the motor vehicle licensing law" the lack of which had resulted in "lost revenues to schools and the state and local governments." Act 988 of 1991, § 9 (emergency clause). The State may impose reasonable requirements on the licensure of privileges in order to collect taxes. *See Wometco Servs., Inc.* v. *Gaddy*, 272 Ark. 452, 616 S.W.2d 466 (1981).

The Supreme Court of the United States has approved the regulation of a privilege where there is a legitimate state interest. For example, a New Orleans ordinance was upheld which prohibited pushcart food sales in the French Quarter unless the vendor had eight years experience. *City of New Orleans* v. *Dukes*, 427 U.S. 297 (1976). The State has a legitimate interest in providing that persons who operate motor vehicles have the financial ability to pay for damages they might cause.

■ Appellant's next assignment of error is that the convictions should be reversed because the trial court interrupted her as she tried to explain that she could not afford to purchase liability insurance because she was indigent. Appellant cites no authority and actually makes no argument for the point. We have long held that assignments of error, unsupported by convincing argument or authority, will not be considered on appeal unless it is apparent without further research that they are well taken. *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

■ In her last point of appeal, appellant states that the speedometer in her car reflected that she was driving exactly forty miles per hour when she was stopped for exceeding forty

miles per hour, but she does not assign a ruling by the trial court as error. Our general rule is that we will not reverse a case unless there has been some erroneous trial court ruling. There are limited exceptions, but none of them are applicable to this case. *See Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

Affirmed.