Kelly Sean O'NEILL *v.* STATE of Arkansas

CR 95-442                                   908 S.W.2d 637

Supreme Court of Arkansas
Opinion delivered November 6, 1995

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

BRADLEY D. JESSON, Chief Justice. The appellant, Kelly Sean O'Neill, was convicted in municipal court of a violation of the implied consent law, codified at Ark. Code Ann. § 5-65-205 (Repl. 1993). O'Neill appealed his case to circuit court, and in a bench trial, the circuit judge affirmed his conviction and suspended his driver's license for six months. His sole point of error on appeal is that the circuit court erred in not declaring the implied consent statute unconstitutional. We affirm.

The case was tried on a stipulation of facts. O'Neill conceded that officers had reasonable cause to request that he submit to a chemical test. Rather, he asserted at trial below as he does now on appeal that the implied consent statute has three different penalty provisions depending on the state of residence of the offender and the status of his driver's license, and that these provisions are violative of the due process clause of Ark. Const. art. 2, § 8, and the equal protection clause of Ark. Const. art. 2, § 3 and § 18. O'Neill also complains that the statute allows for enhanced penalties for an Arkansas resident who has a valid driver's license and prior violations, while there are no enhanced penalties for subsequent offenses committed by a resident without a license or a nonresident. Finally, O'Neill asserts that the statute is unconstitutional because it provides that a nonresident's driving privileges may be suspended indefinitely. *See* Ark. Code Ann. § 5-65-205(e)(1) (Repl. 1993).

We recently disposed of these very arguments in *Cook* v. *State*, 321 Ark. 641, 906 S.W.2d 681 (1995). In examining the implied consent statute under a rational basis standard, we observed that, while the legislature has created varying penalties for violation of the statute's mandates, possession of an Arkansas driver's license carries with it the implied obligation to abide by state driving laws. *Id.* at 648. We further recognized that both Arkansas residents who drive without a valid driver's license and nonresidents who drive while their license or driving privilege is under suspension are subject to additional punishment. *See* Ark. Code Ann. § 27-16-301 and § 27-16-303 (Repl. 1994). Taking these factors into consideration, we concluded that the varying punishments of the implied consent statute were not devoid of a legitimate purpose. *Id.* at 649.

Like the appellant in *Cook*, O'Neill has no standing to challenge the validity of § 5-65-205(e)(1), which provides that a nonresident's driving privileges may be suspended indefinitely. O'Neill, who was an Arkansas resident at the time of the offense, has not suffered injury as a result of this provision, nor does he belong to a class which is prejudiced by the law. *Id.*

For the reasons set out in the Cook case, we affirm the decision of the circuit court.